IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hector Garcia, individually and on behalf of other similarly situated employees, Plaintiff

v.

Alamos Tacos, Inc. dba El Alamo Mexican Grill, Ismael L. Bonilla, individually, and Heriberto Gomez, individually, Defendants

## **COMPLAINT**

Hector Garcia ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Alamos Tacos, Inc. dba El Alamo Mexican Grill ("El Alamo"), Ismael L. Bonilla, and Heriberto Gomez, individually (collectively, "Defendants"), and states:

### Introduction

1. Defendants operate a restaurant commonly known as "El Alamo Mexican Grill" at 58 N. Wolf Rd., Wheeling, IL 60090. This lawsuit arises from Defendants' violations of the minimum wage provisions of the FLSA and IMWL at Defendants' restaurant.

2. Plaintiff is a former employee of the Defendants and was not paid his earned overtime wages as required by the FLSA and IMWL. Instead, Defendants paid Plaintiff and other employees straight-time wages for all hours worked weekly.

3. Defendants maintained and enforced a policy of paying Plaintiff by check and cash each week.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants owned and operated El Alamo within the three years preceding the filing of this complaint.

8. Ismael L. Bonilla and Heriberto Gomez reside in and are domiciled in this judicial district.

9. Ismael L. Bonilla and Heriberto Gomez are or were the owners of El Alamo and is or was involved in the day-to-day business operations of El Alamo and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

10. El Alamo is as an enterprise under 29 U.S.C. § 203(r)(1).

11. El Alamo is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. El Alamo's annual gross sales were $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Defendants maintained and preserved records of all hours that Plaintiff worked each week and all wages they paid to Plaintiff each week.

15. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

16. Plaintiff worked for Defendants from November 2002 to January 2017.

17. Defendants paid Plaintiff for 38 hours by check and all other hours in cash (at his regular rate of $14.00 per hour) each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

18. Plaintiff incorporates all paragraphs above as if fully restated below.

19. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

20. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

21. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

22. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

23. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

24. Plaintiff was not exempt from the overtime provisions of the FLSA.

25. Defendants' failure to pay overtime violated the FLSA.

26. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff by both check and cash, at his regular rate, for all hours worked weekly.

27. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

28. Plaintiff incorporates all paragraphs above as if fully restated below.

29. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages in violation of the IMWL.

30. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

31. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

32. Plaintiff worked more than forty (40) hours in individual work weeks.

33. Defendants did not pay earned overtime wages to the Plaintiff.

34. Plaintiff was not exempt from overtime wages.

35. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Wednesday, March 08, 2017.

**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com